ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELISA FERNANDEZ (California Bar No. 172004)
Assistant United States Attorney
Public Corruption & Civil Rights Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-7383
     Facsimile:  (213) 894-6436
     Email:      Elisa.fernandez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DALTON CHRISTIAN MENZIES, <br> aka "Wolf," <br> ANTOINE MICHAEL MERCADEL, <br> aka "Catt," <br> aka "Tony," <br><br> Defendants. | No. CR 11-921-DSF <br><br> GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANT MENZIES' INADMISSIBLE EXCULPATORY HEARSAY STATEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBITS A-D <br><br> Trial Date:  June 26, 2012 <br> Trial Time:  8:30 a.m |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, respectfully moves this Court to preclude the defense from introducing recorded and written exculpatory hearsay statements made by defendant DALTON CHRISTIAN MENZIES on July 19, 2010 (audio recording), July 20, 2010 (audio

1

recordings), and July 21, 2010 (two letters) pursuant to Federal Rule of Evidence 802.

This motion is based upon the attached memorandum of points and authorities, the record in this case, and any other evidence that the Court may wish to consider.

DATED: May 22, 2012              Respectfully submitted,

                                 ANDRÉ BIROTTE JR.
                                 United States Attorney

                                 ROBERT E. DUGDALE
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                  /s/ *Elisa Fernandez*
                                 ELISA FERNANDEZ
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 United States of America

MEMORANDUM OF POINTS AND AUTHORITIES

I.

INTRODUCTION

On September 28, 2011, a federal grand jury returned a three-count indictment charging defendants DALTON CHRISTIAN MENZIES, aka "Wolf," ("MENZIES") and ANTOINE MICHAEL MERCADEL, aka "Catt," aka "Tony," ("MERCADEL") with conspiracy to bribe a public official in violation of 18 U.S.C. § 371, bribing a public official in violation of 18 U.S.C. § 201(b)(1)(C), and attempting to possess contraband in prison in violation of 18 U.S.C. § 1791(a)((2), (b)(5). While incarcerated at the Bureau of Prisons("BOP") prison in Lompoc, California ("FCI Lompoc"), defendants conspired to pay a bribe payment of $60,000 to a BOP prison guard to bring a laptop computer into the prison.

In its case in chief, the government intends to introduce several statements made by the defendants to others, including email messages, prison telephone recordings, handwritten notes, oral statements, and other records obtained during the investigation in this case, as well as statements made to federal agents, federal employees, and others – that establish that elements of each of the crimes charged in the indictment against the defendants.

By this motion, the government moves to exclude inadmissible hearsay statements made by MENZIES that the government anticipates the defendants will seek to introduce at trial. It is well settled that statements by a defendant to others are not hearsay and are admissible as admissions of a party opponent

under Federal Rule of Evidence ("FRE") 801(d)(2)(A).  However, well-established case law, precludes defendants from introducing their own statements at trial through other witnesses.  A defendant, should he elect to do so, may testify at trial about his own statements.

In the instant case, the government does not plan to introduce all of the statements made by the defendants at trial. The government does not anticipate introducing two audio recordings of post-offense statements made by MENZIES to federal law enforcement agents on July 19, 2010 and July 20, 2010, or two letters dated July 21, 2010.[1]  In these recorded and written statements, MENZIES admits to committing several overt acts of the conspiracy, including, directing the purchase and delivery of the laptop computer, the offering of a $100,000 bribe to a prison guard, and the funding and delivery of the $60,000 bribe payment to an undercover federal agent, who defendants believed would deliver the bribe to the prison guard.  These statements, however, also include post-offense exculpatory hearsay statements regarding MENZIES's intent and state of mind.

The government anticipates that the defense will seek to introduce the substance of exculpatory hearsay statements as well as the audio recordings, transcripts, and letters containing such hearsay, through the testifying agent and/or the testifying BOP investigator on cross-examination.

---

[1] Pursuant to FRE 801(d)(2)(A), the government will seek to introduce MERCADEL's post-offense non-hearsay statements  Through the testimony of a government witness.

By this motion, the government seeks to exclude the following recorded and written statements as impermissible hearsay:

* An audio recording (and transcript) of a July 19, 2010 statement made by MENZIES to federal law enforcement agents;

* An audio recording (and transcript) of a July 20, 2010 statement made by MENZIES to federal law enforcement agents;

* A Letter, dated July 21, 2010, from MENZIES to T.M.; and

* A Letter, dated July 21, 2010, from MENZIES to Mr. and Mr. Tom Kiger.

## II.

## MENZIES' HEARSAY STATEMENTS

Following the transfer of a laptop computer from MERCADEL's relatives to an undercover FBI agent and the subsequent delivery of a $60,000 bribe payment from MENZIES's relative to the same agent, who the defendants believed would deliver the laptop and bribe payment to a prison guard, defendants MENZIES and MERCADEL were moved to a Specialized Housing Unit ("SHU") within FCI Lompoc.

Thereafter, while housed in the SHU, MENZIES after having been advised of and waived his <u>Miranda</u> rights, made two statements to Federal Bureau of Investigation ("FBI") Special Agent ("SA") Joy Mitchell[2], FBI SA Lucas Bauers, and BOP Special Investigative Agent Robert Lynn.  The first statement was taken

---

[2] SA Joy Mitchell's married name is SA Joy Wright.

3

on July 19, 2010[3], the second was taken on July 20, 2010[4] – both were recorded.

While housed inside the SHU, MENZIES wrote two letters. Both letters are dated July 21, 2010. The first letter is addressed to unindicted co-conspirator T.M. the second is addressed to Mr. and Mr. Tom Kiger.

## III.

## DISCUSSION

While defendants may explain any post-arrest statements offered by the government by testifying at trial, they may not place their exculpatory statements "before the jury without subjecting [themselves] to cross-examination, precisely what the hearsay rule forbids." United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988). This includes placing the statements before the jury through defense witnesses or by cross-examining government witnesses with defendants's hearsay statements.

//
//
//

---

[3] Attached as Exhibit A is an FBI-302, dated July 21, 2010, regarding MENZIES's July 19, 2010 recorded post-offense statement to federal law enforcement (DM0202-DM0207). Since the government will not seek to introduce this statement at trial, the English-language audio recording (DM0019) and the transcription of this recording (DM2529-DM2682) will not be filed at this time.

[4] Attached as Exhibit B is an FBI-302, dated July 22, 2010, regarding MENZIES's July 20, 2010 recorded post-offense statement to federal law enforcement (DM 0250). Since the government will not seek to introduce this statement at trial, the English-language audio recording (DM0016) and the transcription of this recording (DM002508-DM002528) will not be filed at this time.

4

A. <u>DEFENDANTS MAY NOT AVOID TESTIFYING BY RELYING ON SELF-SERVING HEARSAY STATEMENTS</u>

A defendant's prior statement is admissible only if offered against him; a defendant may not elicit his own prior statements. Fed. R. Evid. 801(d)(2)(A); <u>Fernandez</u>, 839 F.2d at 640 (district court properly sustained government's hearsay objection to defendant's attempt to solicit defendant's post-arrest statements during cross-examination of FBI agent); <u>United States v. Willis</u>, 759 F.2d 1486, 1501 (11th Cir. 1985) (defendant's attempt to elicit exculpatory statement made at time of arrest to prove that defendant lacked requisite knowledge was inadmissible hearsay).

The defense cannot place defendants' self-serving prior statements before the jury without subjecting defendants to cross-examination. Fed. R. Evid. 801(c); <u>Fernandez</u>, 839 F.2d at 640; <u>Willis</u>, 759 F.2d at 1501.

B. <u>THE RULE OF COMPLETENESS DOES NOT APPLY, AND IN ANY CASE, DOES NOT WARRANT ADMISSION OF ANY OF DEFENDANT'S HEARSAY STATEMENTS HERE</u>.

The exclusion of MENZIES' post-offense exculpatory statements in their entirety do not violate the "rule of completeness."

The "rule of completeness," FRE 106, provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

The advisory notes to Fed. R. Evid. 106 provide, in relevant part:

> The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to

5

> a point later in the trial. . . . For practical reasons, the rule is limited to writings and recorded statements and does not apply to conversations.

The government does not at this time intend to introduce MENZIES' July 19, 2010 and July 20, 2010 recorded statements or the July 21, 2010 letters through the testimony of the investigating officers or other witness. See Exhibits A-D. Thus, the rule of completeness does not apply to the instant case. <u>United States v. Ortega</u>, 203 F.3d 675, 682 (9th Cir. 2000); <u>United States v. Collicott</u>, 92 F.3d 973, 983 (9th Cir. 1996) ("[The rule of completeness] is inapplicable to the present action because no writing or recorded statement was introduced by a party.").

Even assuming the rule of completeness applies to the instant case, the rule cannot be used to render previously inadmissible evidence admissible. <u>See Collicott</u>, 92 F.3d at 983 (hearsay not admitted regardless of Rule 106). As the Ninth Circuit noted in <u>Ortega</u>, a defendant's exculpatory statements are inadmissible even if they were made contemporaneously with other inculpatory statements. <u>Ortega</u>, 203 F.3d at 682 (<u>citing</u> <u>Williamson v. United States</u>, 512 U.S. 594, 599 (1994)). In <u>Ortega</u>, a case involving narcotics and firearms, the district court precluded the defendant from "eliciting his own exculpatory statements, which were made within a broader inculpatory narrative." <u>Id</u>. at 681. In the excluded oral statements, the defendant claimed that the guns and drugs found in his residence belonged to someone else. <u>Id</u>. at 681-82. On appeal, the defendant argued that the exclusion of the statements violated the rule of completeness, the Confrontation Clause, Fed. R. Evid.

6

801(d)(1), and Fed. R. Evid. 807.  Id. at 682. In affirming the exclusion of the defendant's statements as "non-self inculpatory statements, the Ninth Circuit explained:

> First, Ortega's non-self inculpatory statements are inadmissible even if they were made contemporaneously with other self-inculpatory statements. The self statements, when offered by the government, are admissions by a party-opponent and are therefore not hearsay . . but the non-self-inculpatory statements are inadmissible hearsay . . .

Id. at 682; see also United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996)("Rule 106 does not compel admission of otherwise inadmissible hearsay evidence"); United States v. Dorrell, 758 F.2d 427, 434-35 (9th Cir. 1985)(no violation of rule of completeness where edited statements does not distort meaning of passage).

The inculpatory statements that the government may introduce through other evidence at trial -- including corruptly offering a bribe, purchasing and delivering a laptop computer, and funding, delivering and paying a bribe -- are admissions by a party-opponent, offered against that party, and therefore are not hearsay under Rule 801(d)(2) and/or statements made during or in furtherance of the conspiracy to bribe. Federal Rule of Evidence 801(d)(2). In this case, the government does not intend to introduce portions of the recorded statements or excerpts of the July 21, 2010 letters.  As such, the rule of completeness is inapplicable.  Thus, if the defendants want to admit evidence explaining the circumstances surrounding MENZIES admissions or his intent, he must place his own credibility at issue by testifying.  Any other holding would allow for the admission of

7

inadmissible hearsay contrary to the Federal Rules of Evidence, Fernandez, Ortega, and Collicott.

### III.

### CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court PRECLUDE exculpatory hearsay statements and further PRECLUDE the defense from offering into evidence MENZIES's July 19, 2010 and July 20, 2010 recorded statements, the transcripts of those audio recordings, and the two letters, dated July 21, 2010, from MENZIES to Tonya Menzies and Mr. and Mr. Tom Kiger. See Exhibits A-D.

The government further requests that the Court INSTRUCT the defense, that the defense is prohibited from discussing in their opening statements, from introducing through cross-examination of the government witnesses, or from the direct examination of defense witnesses, defendants' statements that are not offered into evidence by the government.

DATED: May 22, 2012　　　　　　　Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


　　　/s/ *Elisa Fernandez*
ELISA FERNANDEZ
Assistant United States Attorney

Attorneys for Plaintiff
United States of America